92

[699 NYS2d 247]

In the Matter of HERALD COMPANY, Petitioner, v WILLIAM J. BURKE, as Onondaga County Court Judge, Respondent.

Fourth Department, November 12, 1999

**APPEARANCES OF COUNSEL**

*Eliot L. Spitzer, Attorney General,* Syracuse (*Winthrop H. Thurlow* of counsel), for respondent.

*S. Paul Battaglia,* Syracuse, for petitioner.

## OPINION OF THE COURT

DENMAN, P. J.

Petitioner in this original CPLR article 78 proceeding seeks to vacate and prohibit enforcement of the oral directions and orders made by respondent, The Honorable William J. Burke, Onondaga County Court Judge, on May 24, June 29, and July 27, 1999 in connection with a pending criminal case, *People v Cahill.*[*] Specifically, petitioner seeks access to the transcripts of the "proceedings" that occurred on those three dates before the trial began. It also seeks a declaration that respondent's orders are invalid and that petitioner has a right not to be excluded from any further proceedings in regard to the prosecution of defendant.

## I

Upon our review of the transcripts of the three "proceedings," we conclude that petitioner should be granted access to certain portions of the transcripts. We decline to declare that petitioner has a right not to be excluded from any further proceedings; the decision to close the courtroom, as discussed below, depends on the nature of the proceeding and possible prejudice to defendant if the public and press are allowed unfettered access.

Petitioner contends that on three separate occasions it was excluded from the courtroom, on two occasions without an opportunity to be heard. On May 24, 1999, the District Attorney, defense counsel (but not defendant) and respondent discussed a possible plea disposition, including the right of defendant to plead guilty without the permission of the District Attorney. Ultimately, respondent denied defendant's request to plead guilty without the permission of the District Attorney. After respondent denied the request, the parties discussed several matters unrelated to any motions. The discussions concerned, *inter alia,* the trial schedule and jury questionnaires.

On June 29, 1999, counsel for petitioner argued on behalf of opening the courtroom that day, and respondent denied his request. After counsel for petitioner left the courtroom, respondent considered two motions by defendant to strike the death penalty notice and to remove the District Attorney. After some

---

[*] We take judicial notice of the fact that James F. Cahill, III (defendant) was convicted following a jury trial of murder in the first degree for killing his wife and has been sentenced to the death penalty.

discussion, respondent insisted that defendant be brought in so that respondent could ask him whether he was aware of the plea offer. The District Attorney was not present during respondent's questioning of defendant. Ultimately, respondent denied the motions. The parties then discussed the matter of a potential juror who was scheduled to be on vacation at the time of her interview and agreed to eliminate that juror on the basis of hardship.

On July 27, 1999, the parties and a Law Guardian for defendant's children appeared before respondent to argue a motion to quash a subpoena issued to a social worker for the children. Apparently, the People subpoenaed the records of the social worker. Respondent requested that copies of the records be made available for an in camera interview. The records have not been provided to us, and there is no indication on this record whether respondent ruled on the motion to quash.

## II

The right of a defendant to a public trial is well established (*see*, US Const 6th Amend). Additionally, the United States Supreme Court has held that the public and press have a right to attend a criminal trial unless the trial court concludes that the defendant has an overriding interest in excluding them and there are no alternatives to satisfy the constitutional demands of a defendant's right to a fair trial (*see, Richmond Newspapers v Virginia*, 448 US 555, 580-581). The presumption of openness applies not only to criminal trials, but also to various pretrial proceedings (*see, e.g., Press-Enterprise Co. v Superior Ct.*, 464 US 501 [voir dire]; *United States v Chagra*, 701 F2d 354 [bail hearings]; *United States v Brooklier*, 685 F2d 1162 [suppression hearings]).

The New York Court of Appeals has followed the principles enunciated in the Federal cases and has set forth a similar test establishing procedures that a trial court must follow to determine whether to close a criminal proceeding. The court must require that the party moving for closure establish that an open hearing would create a strong likelihood of irreparable harm to the defendant's right to a fair trial, evaluate alternatives to closure, make specific findings to support closure, and give notice to the public and press of any requests for closure (*see, Matter of Westchester Rockland Newspapers v Leggett*, 48 NY2d 430, 442). The right applies to pretrial hearings as well as to the trial itself (*see, Matter of Capital Newspapers Div. v Clyne*, 56 NY2d 870 [*Sandoval* hearing]; *Matter of Johnson*

*Newspaper Corp. v Parker*, 101 AD2d 708, *mod* 101 AD2d 1027, *appeal dismissed* 63 NY2d 673 [*Huntley* hearing]; *Matter of Capital Newspapers Group v Brown*, 75 AD2d 218 [motion made during trial to determine admissibility of confession]).

The issue presented in this proceeding, however, is somewhat different and requires a preliminary determination whether the "proceedings" on the three days in question are the types of proceedings that " 'have historically been open to the press and general public' " and whether " 'public access plays a significant positive role in the functioning of the particular process in question' " (*United States v Valenti*, 987 F2d 708, 712). Significantly, in *Valenti*, the 11th Circuit Court of Appeals concluded that a court may conduct in camera conferences where the " 'constitutional value sought to be protected by holding open proceedings may be satisfied later by making a transcript of the closed proceedings available within a reasonable time' " (*United States v Valenti, supra*, at 713). Thus, even in those circumstances where the court properly excludes the public and press, it may be constitutionally required that a transcript be provided within a reasonable time after any possibility of prejudice to the defendant has passed.

With those considerations in mind, we conclude that petitioner is entitled to a portion of the transcript of the May 24, 1999 proceedings, up to page 11, line 3 of that transcript, at the point where respondent denied defendant's application to accept the plea offer. We deny petitioner access to the remainder of that transcript because the discussion that took place between the parties is not in the nature of a proceeding; informal discussions between the parties and the court have not historically been open to the press and general public (*see generally, Richmond Newspapers v Virginia, supra*, at 598, n 23 [Brennan, J., concurring in judgment]). With respect to the June 29, 1999 proceeding, petitioner is entitled to that portion of the transcript up to page 17, line 3, concerning legal argument on the motions to strike the death penalty notice and to disqualify the District Attorney. The discussion in the transcript, however, in which respondent spoke to defendant outside the presence of the District Attorney, is not a proceeding. The absence of the District Attorney suggests that respondent wanted to conduct an informal discussion and assure himself that defendant understood the consequences of not accepting the plea offer. Finally, petitioner is denied access to the remainder of that transcript; the striking of a potential juror for hardship also is not in the nature of a proceeding. Petitioner

is entitled to an unredacted transcript of the entire hearing of July 27, 1999. The purpose of the hearing was a motion to quash a subpoena, and thus it constitutes a legal proceeding.

Accordingly, the petition should be granted in part and petitioner granted access to transcripts dated May 24, June 29 and July 27, 1999 in *People v Cahill*, subject to redaction as set forth in this opinion, and respondent is directed to provide a redacted transcript to petitioner within 20 days of service of a copy of the order of this Court with notice of entry.

PINE, HAYES, HURLBUTT and CALLAHAN, JJ., concur.

Petition unanimously granted in part, without costs, in accordance with the opinion by DENMAN, P. J.