OPINION OF THE COURT
David D. Egan, J.
This is a death penalty case. Individual voir dire commenced *273 on September 27, 2000, continued through mid-October, and following a lengthy adjournment* resumed on January 10, 2001. Defendant moves for an order prohibiting disclosure of the names and addresses of prospective and sworn jurors to the media or public, and granting closure of the courtroom during voir dire. Defendant expressly is concerned that exposing such jurors to media inquiries will prejudice his case. The People oppose only defendant’s request to close the courtroom, and the timeliness of defendant’s motion.
This court denies defendant’s request to close the courtroom to the public. The public, including the press, have a right to attend a criminal trial “unless the trial court concludes that the defendant has an overriding interest in excluding them and there are no alternatives to satisfy the constitutional demands of a defendant’s right to a fair trial.” (Matter of Herald Co. v Burke, 261 AD2d 92, 94 [4th Dept 1999], citing Richmond Newspapers v Virginia, 448 US 555, 580-581 [1980]; see also, Press-Enterprise Co. v Superior Ct., 464 US 501 [1984] [the presumption of openness applies not only to trial but to pretrial voir dire].) Defendant has failed to demonstrate that closing the courtroom is essential to protect an overriding interest, or is narrowly tailored to serve such an interest. (Accord People v Santiago, Monroe County Ct, Feb. 24, 2000, Bristol, J.).
Defendant also moves for an order prohibiting disclosure of the names and addresses of prospective and sworn jurors to the media or public. The People concur in this application. CPL 270.15 (1-a) provides in part that a
“court may for good cause shown * * * issue a protective order for a stated period regulating disclosure of the business or residential address of any prospective or sworn juror to any person or persons, other than to counsel for either party. Such good cause shall exist where the court determines that there is a likelihood of bribery, jury tampering or of physical injury or harassment of the juror.”
This court grants defendant’s request. Any record of the names and addresses of all jurors shall be sealed in an effort to protect the anonymity of the jurors. The names of prospective jurors shall continue to be disclosed to the parties, since defendant and all counsel have a statutory right to learn such names. *274 (See CPL 270.15 [a].) The media shall be instructed not to disclose or use such identifying information concerning prospective or sworn jurors until after the jury renders a verdict in this case and determines a sentence, if such a sentencing proceeding is required.
Finally, defendant requests that the jurors be informed of the court’s decision on this issue to encourage forthright disclosures during voir dire. As is the practice of the court any prospective juror may, upon request and with approval of the parties, discuss any particularly sensitive subject on the record outside the presence of all others, except for the parties. Defendant’s request to have the jurors informed of this decision is denied.

 This adjournment was occasioned by the serious health problems, and eventual substitution, of defendant’s lead counsel.