OPINION OF THE COURT
Louis B. York, J.
In this decision, the court addresses the issue of the right to proceed anonymously in a system that prizes the notion that its litigation is open .to public observation. Surprisingly, published decisions are a rarity in this area of the law.
Plaintiff was brutally assaulted in the bathroom of a cafeteria owned by defendant. The cafeteria is open to the general public; however, to access the bathroom, individuals must present identification to a security guard and then pass through a *708 turnstile. The assailant has been indicted and is currently being held in lieu of bail. Plaintiff proceeds solely against defendant in its capacity as the party which owned and controlled the property.
In the current order to show cause, plaintiff seeks permission to proceed anonymously. Plaintiff makes this motion because of the possibility of unwanted publicity and exacerbation of the emotional distress suffered from the assault. Defendant has no objection to plaintiffs request, but asks that it be allowed to proceed anonymously as well. Defendant states that it also has an equally legitimate interest in avoiding adverse consequences due to negative publicity. Plaintiff claims that because there is a substantial public interest in the security offered by defendant, defendant is not entitled to proceed anonymously. Plaintiff asserts that defendant must demonstrate compelling circumstances to justify departure from the presumption in favor of public access.
Granting defendant the right to proceed as “Anonymous” does not prevent the public from accessing court records. A granting of anonymity is not a sealing of records, as was the case in Coopersmith v Gold (156 Misc 2d 594 [Sup Ct, Rock-land County 1992]), which plaintiff relies on. New York does not have many cases addressing the issue of proceeding anonymously. Instead, most often these concerns generally have arisen when in the course of litigation a party requests the sealing of the court records. (E.g., Merrick v Merrick, 154 Misc 2d 559, 563 [Sup Ct, NY County 1992].) However, the courts of other states provide useful analytical guidelines. The state courts of Connecticut, New Jersey, Illinois and Iowa apply a balancing test, weighing the parties’ right to privacy against the demands of the public interest when determining if a party may proceed anonymously. (Doe v Diocese Corp., 43 Conn Supp 152, 158, 647 A2d 1067, 1071 [1994]; T.S.R. v J.C., 288 NJ Super 48, 57, 671 A2d 1068, 1073 [1996]; Doe v Doe, 282 Ill App 3d 1078, 1082, 668 NE2d 1160, 1163 [1996]; Rinikerz v Wilson, 623 NW2d 220, 226 [Iowa Ct App 2000].) Federal courts also have generally allowed plaintiffs to proceed anonymously in cases such as abortion, mental illness, homosexuality and religion. (Doe v Doe, 282 Ill App 3d at 1084, 668 NE2d at 1165, citing Roe v Wade, 410 US 113 [1973]; Doe v Colautti, 592 F2d 704 [3d Cir 1979]; Doe v Commonwealth’s Attorney, 403 F Supp 1199 [ED Va 1975]; Doe v Stegall, 653 F2d 180 [5th Cir 1981].)
Here, there are two conflicting interests at stake — the public’s interest in the security provided on defendant’s *709 premises and the defendant’s interests in receiving a fair trial uncorrupted by publicity and preserving its public reputation when there is no proof of negligence. Plaintiff claims there is great public interest in knowing whether defendant provides adequate security to its premises, which is open to the public. Plaintiff also claims that concealing the identity of the defendant will undermine public confidence and perpetrate dangerous conditions. However, at this point there is no indication that defendant has ever been negligent with respect to the security of the premises. Plaintiff has not alleged past practice of negligence by defendant, nor has she shown that prior assaults have occurred on defendant’s property. Also, at this juncture in the litigation, plaintiff has not proven that defendant was negligent in providing adequate security at the time of the incident; it is still merely an allegation set forth in the pleadings. Therefore, until it is shown that defendant was negligent, the public interest in security is not so great as to outweigh defendant’s interests in a fair trial and preservation of reputation.
In addition, defendant has the right to a fair, impartial trial. Defendant claims that plaintiff has already released defendant’s papers requesting anonymity to the public. Although publicity may allow the true facts of the case to be discovered, this publicity could also result in a “trial by newspaper,” where inadmissible prejudicial evidence could be introduced against defendant, not allowing defendant a fair trial. (See Matter of Westchester Rockland Newspapers v Leggett, 48 NY2d 430, 438 [1979].) Defendant also claims that the dissemination of news or comments may tend to influence the judge or prospective jurors from being impartial at trial. The trial judge has an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity. (Id.) Due to the defendant’s reputation in the community, if the press were able to disclose the identity of defendant, the prospective jury pool may not be able to act impartially.
When weighing the competing interests at stake, the court concludes that it is probable that the defendant may not receive a fair trial if its identity is made available. If the public were to know the defendant’s identity, it is likely that it would be put through a trial by the media even though plaintiffs allegations have not yet been proven in court. Because the defendant’s interests in a fair trial and preserving its reputation outweigh the public interest at this juncture, I find in favor of the defendant and allow the caption to read “Anonymous v. Anonymous.”
*710 Therefore, it is ordered that the motion and cross motion to amend the caption are granted.