159 P.3d 578

PHOENIX NEWSPAPERS, INC., an Arizona corporation, Petitioner,

v.

The Honorable Lindsay ELLIS, Judge Pro Tem of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,

Jane Doe, a minor, and The Scottsdale Unified School District, Real Parties in Interest.

No. 1 CA–SA 07–0099.

Court of Appeals of Arizona, Division 1, Department A.

June 12, 2007.

Steptoe & Johnson LLP By David J. Bodney, Peter S. Kozinets, Chris Moeser, Phoenix, Attorneys for Petitioner.

Knapp & Roberts PC By Craig A. Knapp, John C. Breslo, Scottsdale, Attorneys for Real Party in Interest Doe.

## OPINION

IRVINE, Judge.

¶ 1 Phoenix Newspapers, Inc. ("PNI") petitions this court in a special action challenge to the trial court's order that a notice of claim filed with a school district is not a public record subject to disclosure under Arizona's public records law, Arizona Revised Statutes ("A.R.S.") sections 39–121 to 39–121.03 (2001 and Supp.2006). The Notice of Claim ("Notice") was filed on behalf of a minor, Jane Doe ("Doe"), who was the victim of a sexual assault at one of the district's high schools. We find that the case is appropriate for special action review and accept jurisdiction. We further find that the Notice is a public record and therefore grant relief.

## FACTS AND PROCEDURAL HISTORY

¶ 2 On August 25, 2006, police arrested a school janitor on suspicion of assaulting Doe, a fourteen-year-old student at a Scottsdale high school. The assault occurred in a restroom at the high school shortly after the end of the school day. The suspect was later indicted on charges of kidnapping, sexual

conduct with a minor, public sexual indecency to a minor and sexual abuse. The events were the subject of several articles in PNI's newspaper. One of the articles reported that the district held a public meeting to address parents' concerns about school safety and plans for new security procedures.

¶ 3 In November 2006, the probate division of the Maricopa County Superior Court established a special conservatorship for Doe. The order establishing the conservatorship placed the matter under seal due to the nature of the criminal allegations and her minority. The stated purpose of the conservatorship was to allow the special conservator to proceed with a tort claim against parties believed to be responsible for harm to Doe.

¶ 4 In accordance with A.R.S. § 12–821.01 (2003), Doe's attorneys filed the Notice with the school district on January 24, 2007, apparently requesting that its contents be considered confidential. Under the statute, the district had sixty days to evaluate the claim, after which it was deemed denied. Doe represents to us that no action was taken on the Notice.

¶ 5 On February 2, 2007, a PNI employee submitted a request to the district for a copy of the Notice. On February 5, 2007, Doe filed under seal in the conservatorship action a Motion to Quash Public Request for Notice of Claim and Request to Seal All Further Proceedings. The motion stated that the Notice was concurrently lodged under seal with the court. No copy of the Notice has been supplied to this court as part of this special action, and there is no indication in the record that the probate court considered the contents of the Notice in making its ruling.

¶ 6 PNI responded to the motion, also under seal. The district filed a response acknowledging receipt of the Notice "with the assertion by [Doe] that it was submitted in confidence," and requesting direction from the court in responding to the competing demands of PNI and Doe.

¶ 7 On April 1, 2007, the trial court granted the motion to quash with regard to the Notice. The court stated:

A Special Conservator was appointed on November 2, 2006 *Under Seal* for the minor child with authority to pursue appropriate legal action on her behalf. The Notice of Claim, submitted in confidence for the purpose of advancing the tort claim is not a "Public Record of the School District" as contemplated by A.R.S. § 39–121, *et seq.*

Furthermore, Jane Doe is a minor child and the victim of a serious criminal offense. Even if the Notice of Claim was deemed a public record, the rights and protections offered to minors generally and to crime victims specifically outweigh the interests of the public and the press in obtaining this document. Disclosure would violate the basic tenets of confidentiality extended to minor children in court proceedings and could result in irreparable harm to this minor victim of crime. The Request for Public Records of School District is quashed as it relates to these probate court proceedings.

If and when civil proceedings are commenced regarding the minor's tort claim then the assigned civil division can conduct a hearing regarding the appropriate extent of the right to access to court proceedings and documents. A limited redaction may be appropriate. This ruling is limited to the probate action and does not contemplate a blanket closure of any and all future proceedings.

PNI seeks review of this order.

¶ 8 The criminal trial of Doe's assailant began on May 21, 2007. PNI published an article detailing Doe's testimony, but withheld her name "because she is a minor and alleged sexual assault victim."

## JURISDICTION

■■■ ¶ 9 We have discretion to accept or deny jurisdiction in a special action. *Roman Catholic Diocese v. Superior Court*, 204 Ariz. 225, 227, ¶ 2, 62 P.3d 970, 972 (App.2003). "Special action jurisdiction is appropriate when there is no plain, speedy and adequate remedy by way of appeal" or "in cases involving a matter of first impression, statewide significance, or pure questions of law." *Id.*

(quoting *State ex rel. Pennartz v. Olcavage*, 200 Ariz. 582, 585, ¶ 8, 30 P.3d 649, 652 (App.2001)).

¶ 10 PNI argues we should accept jurisdiction because (1) the public records law favors prompt access to public records, (2) the petition raises purely legal questions of statewide importance that are likely to arise again, (3) PNI is not a party to the underlying probate action so it cannot appeal the trial court's order, (4) Arizona courts have accepted special action jurisdiction when non-parties challenge discovery orders regarding third-party discovery, and (5) the trial court exceeded its legal authority. Doe responds that confidentiality of actions involving minors is a bedrock of juvenile law not needing further analysis, and because the Notice was not acted upon, it is now moot, stale and of no public interest. Doe also notes that the trial court allowed the extent of public disclosure to be addressed in any future civil action, which Doe states will be filed in a matter of days. Therefore, PNI can seek relief in that action.[1]

¶ 11 We agree with PNI that whether a notice of claim submitted with a request for confidentiality is a public record is a matter of statewide concern that is likely to arise again. We also agree with PNI that it does not have an adequate remedy by appeal; it cannot appeal the probate court's order.

¶ 12 Although Doe argues PNI may raise the issue in a subsequent civil action, we do not read the trial court's order as qualifying its ruling regarding the Notice, or leaving the issue open for reconsideration in a later civil action. The probate court was responding to Doe's request that it seal all further proceedings relating to the tort action. The court was leaving that determination to the court that would hear the tort action and addressed only the issue before it—Doe's Notice of Claim. Even if the probate court's order could be read as leaving the issue open, there is no guarantee that the civil court would entertain what would essentially be a collateral appeal of the probate court's order. Under these circumstances, appropriate relief is by way of special action. Therefore, in

the exercise of our discretion, we accept jurisdiction.

## DISCUSSION

¶ 13 "Whether a document is a public record under Arizona's public records law presents a question of law, which we review de novo." *Griffis v. Pinal County*, 215 Ariz. 1, 3, ¶ 7, 156 P.3d 418, 420 (2007). Similarly, a trial court's denial of access to public records is an issue of law reviewed de novo. *Cox Ariz. Publ'ns v. Collins*, 175 Ariz. 11, 14, 852 P.2d 1194, 1198 (1993).

¶ 14 "Public records and other matters in the custody of any officer shall be open to inspection by any person at all times during office hours." A.R.S. § 39–121. The public records law goes on to require that "[a]ll officers and public bodies shall maintain all records . . . reasonably necessary or appropriate to maintain an accurate knowledge of their official activities . . . which are supported by monies from the state or any political subdivision of the state." A.R.S. § 39–121.01(B). "Arizona law defines 'public records' broadly and creates a presumption requiring the disclosure of public documents." *Griffis*, 215 Ariz. at 4, ¶ 8, 156 P.3d at 421.

¶ 15 In *Griffis*, our supreme court explained the process to be followed by a court when the presumption in favor of disclosure of public records comes into conflict with asserted privacy interests.

> Determining whether the public records law requires disclosure, then, involves a two-step process. When the facts of a particular case "raise a substantial question as to the threshold determination of whether the document is subject to the statute," the court must first determine whether the document is a public record. If a document falls within the scope of the public records statute, then the presumption favoring disclosure applies and, when necessary, the court can perform a balancing test to determine whether privacy, confidentiality, or the best interests of the

---

1. In its reply PNI states that the civil lawsuit has been filed and attaches a news report containing statements from Doe's attorney regarding details of the lawsuit.

state outweigh the policy in favor of disclosure.

Id. at 5, ¶ 13, 156 P.3d at 422 (citation, footnote and internal citation omitted). Therefore, the first issue to be addressed is whether the Notice is a public record.[2]

¶ 16 Citing its earlier decisions in *Salt River Pima–Maricopa Indian Community v. Rogers,* 168 Ariz. 531, 815 P.2d 900 (1991), and *Mathews v. Pyle,* 75 Ariz. 76, 251 P.2d 893 (1952), the supreme court in *Griffis* discussed three alternative definitions of public records.

A public record is one made by a public officer in pursuance of a duty, the immediate purpose of which is to disseminate information to the public, or to serve as a memorial of official transactions for public reference; a record that is required to be kept, or necessary to be kept in the discharge of a duty imposed by law or directed by law to serve as a memorial and evidence of something written, said or done; or any written record of transactions of a public officer in his office, which is a convenient and appropriate method of discharging his duties, and is kept by him as such, whether required by ... law or not.

*Griffis,* 215 Ariz. at 4, ¶ 9, 156 P.3d at 421 (internal quotes omitted). The court recognized that not all personal and private documents in the possession of a public entity are public records. "[O]nly those documents having a 'substantial nexus' with a government agency's activities qualify as public records" and applying a content-driven inquiry, the " 'nature and purpose of the document' determine its status as a public record." *Id.* ¶ 10.

¶ 17 Based on its nature and purpose, we easily conclude that the Notice of Claim is a public record. The Notice is written evidence that a claim for damages exists against the district that may affect its operations and finances. This potential liability is of concern to the public. Equally, the public has an interest in the response, if any, by the district to the Notice. Whether claims are paid, disputed or settled is information that is valuable to the public in evaluating the performance of public officers.

¶ 18 The importance of notices of claim was recently emphasized by our supreme court in *Deer Valley Unified School District v. Houser,* 214 Ariz. 293, 152 P.3d 490 (2007), which held that compliance with the specific requirements of the notice of claim statute was essential to the validity of the claim. The court explained:

In addition to describing the proper method and time frame for filing claims, the notice of claim statute directs that all claims "shall contain facts sufficient to permit the public entity ... to understand the basis upon which liability is claimed" and "shall also contain a specific amount for which the claim can be settled and the facts supporting that amount." A.R.S. § 12–821.01.A. The statutory requirements serve several important functions: They "allow the public entity to investigate and assess liability, ... permit the possibility of settlement prior to litigation, and ... assist the public entity in financial planning and budgeting." Claims that do not comply with A.R.S. § 12–821.01.A are statutorily barred.

Id. at 295, ¶ 6, 152 P.3d at 492 (citations omitted). Whether a claim is timely and sufficiently detailed are plainly matters of public concern that would lead the public entity to keep a notice of claim as one of its own records.

¶ 19 Doe argues the Notice was effectively denied, so it is of no further public interest. We disagree. The amount that a claimant would have settled for may be of great interest to the public if the amount ultimately awarded or paid is much higher. Moreover, the facts recited in a notice of claim may later be used to impeach the credibility of a claimant whose deposition and trial testimony differ from the facts as recited in the claim. *Hernandez v. State,* 203 Ariz. 196, 200, ¶ 17, 52 P.3d 765, 769 (2002). Thus, a notice of claim continues to be of concern and interest to all parties, including the public.

2. The supreme court has abandoned any technical distinction between public records and "other matters." *Griffis,* 215 Ariz. at 4 n. 5, ¶ 8, 156 P.3d at 421 n. 5.

¶ 20 Doe's interest in confidentiality does not alter our analysis regarding whether the Notice is a public record. The legislature has specifically provided that certain documents are not public records because of confidentiality concerns, but notices of claim are not among them.[3] Without an express statutory exemption a bare assertion of confidentiality does not make a document any less a public record. Similarly, Doe's request that the Notice be held in confidence by the district does not change the nature of the document. Doe cites no authority that allows a public body to agree to override the requirements of the public records law. The only Arizona authority we have found holds that a "promise of confidentiality standing alone is not sufficient to preclude disclosure." *Moorehead v. Arnold,* 130 Ariz. 503, 505, 637 P.2d 305, 307 (App.1981). Doe presents no reason why we should depart from that rule in this case.

¶ 21 Confidentiality may affect the second step of the two-step process outlined in *Griffis,* but it does not change the fact that the nature and purpose of the Notice makes it a public record. The cases that have found certain documents not to be public records have focused on the private nature of those particular documents and determined that they do not constitute records of official actions of the public entity or officer. *See Griffis,* 215 Ariz. at 4, ¶ 11, 156 P.3d at 421 ("The public records law was never intended to encompass such documents; the purpose of the law is to open *governmental* activity to public scrutiny, not to disclose information about private citizens."); *id.* at 5, ¶ 14, 156 P.3d at 422 ("Some e-mails will relate solely to personal matters and will not, therefore, reflect the requisite substantial nexus with government activities."); *Salt River,* 168 Ariz. at 539, 815 P.2d at 908 (holding check distribution list for transactions between United States and individual Indian allottees is not a state public record merely because it was in the possession of the state treasurer). The Notice was not a private and personal document. It was a claim against a public entity for compensation based on alleged wrongdoing by the public entity acting in its governmental capacity. Therefore, we hold that the Notice is a public record.

¶ 22 Because the Notice is a public record, the presumption favoring disclosure applies and the issue becomes whether privacy or confidentiality interests outweigh the policy favoring disclosure. *Griffis,* 215 Ariz. at 5, ¶ 13, 156 P.3d at 422. It is incumbent upon the party arguing against disclosure to "specifically demonstrate how production of the documents would violate rights of privacy or confidentiality, or would be 'detrimental to the best interests of the state.'" *Cox,* 175 Ariz. at 14, 852 P.2d at 1198. "The burden of showing the probability that specific, material harm will result from disclosure, thus justifying an exception to the usual rule of full disclosure, is on the party that seeks nondisclosure rather than on the party that seeks access." *Mitchell v. Superior Court,* 142 Ariz. 332, 335, 690 P.2d 51, 54 (1984). Even if portions of a document merit confidentiality, "a practical alternative to the complete denial of access would be deleting specific personal identifying information, such as names." *Carlson v. Pima County,* 141 Ariz. 487, 491, 687 P.2d 1242, 1246 (1984); *see also Doe v. Bellmore–Merrick Cent. High Sch. Dist.,* 1 Misc.3d 697, 770 N.Y.S.2d 847, 850–51 (N.Y.Sup.2003) (allowing notice of claim to be filed against school district using pseudonyms, but denying request to seal entire file when redaction will protect privacy interests).

¶ 23 Doe has an interest in maintaining the confidentiality of her name, and the conservatorship furthered this interest by allowing her claim to be submitted using a pseudonym. We do not read PNI's petition, however, as seeking access to her name. Indeed, PNI in its reply acknowledges that "Doe's identity and medical history can readily be redacted from the Notice of Claim." PNI's public records request seeks the other information contained in the Notice—"Doe's basic allegations and how much money she seeks from the public fisc." We see no reason why

---

3. The Arizona Attorney General has compiled a list of statutes making records confidential or nondisclosable in the Arizona Agency Handbook (2001), Appendix 6.1, which may be found at http://www.azag .gov/Agency_Handbook/CHAPTER6.pdf.

disclosure of this information would violate Doe's privacy interests if her name is redacted. *See KPNX–TV v. Superior Court,* 183 Ariz. 589, 594, 905 P.2d 598, 603 (App.1995) ("Good reason to deny access to part of a record is not necessarily good reason to deny access to all of it.").

¶ 24 Doe's only assertion of a privacy interest before the trial court was a general interest in protecting the privacy interests of a minor crime victim. She asserts little more before this court. She cites A.R.S. § 8–208(G) (2007) as authority for the probate court to seal actions involving minors in which allegations of sexual assault are made, but that statute is not a general grant of authority. By its terms, it applies only to juvenile court records. Doe also cites Arizona's rape shield law, A.R.S. § 13–1421 (2001), as protecting the facts and circumstances of sexual assault victims. This assertion reads the statute too broadly. Section 13–1421 relates to evidence in a criminal prosecution regarding a victim's prior sexual conduct; it is not a general prohibition against the public disclosure of a victim's testimony.

¶ 25 Our supreme court has rejected using a "blanket rule" exempting entire categories of documents from disclosure. *Cox,* 175 Ariz. at 14, 852 P.2d at 1198. We believe the probate court erred by denying access to the Notice based only on the general interest of protecting the privacy of a minor crime victim. As discussed above, Doe must specifically demonstrate how production of the Notice would cause harm. Given that the basic facts of the assault are already known through press reports, as is Doe's intention to seek compensation, we fail to see what privacy interests weigh against disclosing the Notice if Doe's name is redacted.

¶ 26 That being said, it is for the probate court to determine if any information in the Notice other than Doe's identity should be redacted. We have not seen the Notice, so we cannot make any specific ruling on the details contained within it. The probate court should conduct an in camera review of the Notice and determine what parts of the Notice, if any, should be redacted because Doe's specific interests in privacy outweigh the public's interests in access to public records.

## CONCLUSION

¶ 27 We accept jurisdiction and grant relief. We vacate the order of the trial court quashing PNI's public records request and direct the court to conduct an in camera review of the Notice to determine what parts, if any, should not be released.

CONCURRING: JON W. THOMPSON, Presiding Judge, and G. MURRAY SNOW, Judge.

