■ ANONYMOUS, Appellant, v WILLIAM LERNER, Respondent. [998 NYS2d 619]—

Order, Supreme Court, New York County (Debra A. James, J.), entered March 12, 2014, which granted defendant's motion to compel plaintiff to be named in the action, unanimously affirmed, without costs.

While plaintiff's allegations concerning the negligent and fraudulent transmission of genital herpes, a sexually transmitted disease, implicates a substantial privacy right (*cf. "J. Doe No. 1" v CBS Broadcasting Inc.*, 24 AD3d 215 [1st Dept 2005]), "the trial court should . . . exercise its discretion to limit the public nature of judicial proceedings 'sparingly' and 'then, only when unusual circumstances necessitate it' " (*Anonymous v Anonymous*, 27 AD3d 356, 361 [1st Dept 2006] [citation omitted]).

The determination of whether to allow a plaintiff to proceed anonymously requires the court to "use its discretion in balancing plaintiff's privacy interest against the presumption in favor of open trials and against any potential prejudice to defendant" (*Stevens v Brown*, 2012 NY Slip Op 31823[U], *8-9 [Sup Ct, NY County 2012], citing *Doe v Szul Jewelry, Inc.*, 2008 NY Slip Op 31382[U], *11 [Sup Ct, NY County, May 13, 2008]).

The trial court did not improvidently exercise its discretion in finding that plaintiff's privacy concerns were outweighed by, inter alia, the fact that the action was brought against an individual defendant, relates to his private life and reputation, and puts plaintiff's credibility at issue (*see Doe v Shakur*, 164 FRD 359, 361 n 1 [SD NY 1996]; *cf. Doe v Szul Jewelry, Inc.*, 2008 NY Slip Op 31382[U] [Sup Ct, NY County 2008]), and under-

mined by her reporting her story to the media before serving defendant with process (*see Doe v Kidd*, 19 Misc 3d 782, 789 [Sup Ct, NY County 2008]). "[C]laims of public humiliation and embarrassment . . . are not sufficient grounds for allowing a plaintiff . . . to proceed anonymously" (*Doe v Shakur*, 164 FRD at 362; *Doe v New York Univ.*, 6 Misc 3d 866, 879 [Sup Ct, NY County 2004]; *cf. Doe No. 2 v Kolko*, 242 FRD 193 [ED NY 2006]). Concur—Tom, J.P., Saxe, Feinman, Clark and Kapnick, JJ.