Jane Doe v John Doe (2020 NY Slip Op 07132)





Jane Doe v John Doe


2020 NY Slip Op 07132


Decided on December 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 01, 2020

Before: Gische, J.P., Webber, Oing, Mendez, JJ. 


Index No. 158505/18 Appeal No. 12516N Case No. 2020-1554 

[*1]Jane Doe, Plaintiff-Appellant,
v
John Doe, Defendant-Respondent.


Thomas LaBarbera Counselors at Law PC, New York (Kathleen R. Thomas of counsel), for appellant.
The Law Office of Matthew Galluzzo PLLC, New York (Matthew Galluzzo of counsel), for respondent.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered September 23, 2019, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion to vacate (a) an order, dated September 19, 2018 and entered June 4, 2019, sua sponte removing defendant's name from the proposed caption, (b) an ordered entered February 22, 2019 directing that defendant be listed in the caption as "John Doe," and (c) an order entered February 25, 2019 sua sponte directing that the case be sealed, unanimously reversed, on the law and the facts and in the exercise of discretion, with costs, and the motion granted to the extent of directing that defendant's name be listed in the case caption and the matter be un-sealed.
Defendant may not proceed anonymously. The default rule is one of openness and disclosure (see CPLR 2101[c]; "J. Doe No. 1" v CBS Broadcasting Inc., 24 AD3d 215 [1st Dept 2005]). There is a statutory exception that operates to keep the identity of any victim of a sex offense confidential (Civil Rights Law § 50-b). However, this exception does not protect the identity of the alleged perpetrator of a sexual offense. There is also a separate common-law exception that empowers a court to "use its discretion in balancing [the party's] privacy interest against the presumption in favor of open trials and against any potential prejudice to [the opposing party]" (Anonymous v Lerner, 124 AD3d 487, 487 [1st Dept 2015] [internal quotation marks omitted]). However, this exception is not properly applied here.
The matter should not be sealed. Plaintiff's privacy interests can equally be protected by allowing her to proceed anonymously (see Doe v New York Univ., 6 Misc 3d 866, 874-881 [Sup Ct, NY County 2004]; Doe v Bellmore-Merrick Cent. High School Dist., 1 Misc 3d 697, 698-701 [Sup Ct, Nassau County 2003]; see also Doe v Szul Jewelry, Inc., 2008 NY Slip Op 31382[U], *13 [Sup Ct, NY County 2008] ["a grant of anonymity impacts far less on the public's right to open proceedings than does the closing of a courtroom or the sealing of records"]).
We do not reach the issue of the propriety of allowing plaintiff to proceed anonymously, because it is not properly before us.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2020