PB-7 Doe v Amherst Cent. Sch. Dist. (2021 NY Slip Op 02969)





PB-7 Doe v Amherst Cent. Sch. Dist.


2021 NY Slip Op 02969


Decided on May 7, 2021


Appellate Division, Fourth Department


Smith, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


1222 CA 20-00117

[*1]PB-7 DOE, PLAINTIFF-RESPONDENT,
v
AMHERST CENTRAL SCHOOL DISTRICT, AMHERST CENTRAL HIGH SCHOOL AND JOHN KOCH, ALSO KNOWN AS JACK KOCH, DEFENDANTS-APPELLANTS. 






HODGSON RUSS LLP, BUFFALO (JULIA M. HILLIKER OF COUNSEL), FOR DEFENDANTS-APPELLANTS AMHERST CENTRAL SCHOOL DISTRICT AND AMHERST





Smith, J.
 Appeals from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered January 17, 2020. The order, inter alia, granted the motion of plaintiff for permission to proceed under the pseudonym "PB-7 Doe." 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Opinion by Smith, J.:
In 2019, plaintiff commenced this personal injury action pursuant to the Child Victims Act ([CVA] see CPLR 214-g), alleging that she was sexually abused over a period of several years in the early 1980s while attending school at defendant Amherst Central High School (School) by a person who purported to be a guidance counselor there. In the complaint, plaintiff referred to herself as "PB-7 Doe" and, several weeks after commencing the action, she moved by order to show cause for permission to use that pseudonym. Defendants appeal from an order granting that motion, and we affirm.
Initially, we decline to address defendants' contention that Supreme Court properly determined that Civil Rights Law § 50-b does not apply because they are not aggrieved by that part of the order (see CPLR 5511).
Contrary to defendants' contention, there is nothing in the CVA that indicates that the legislature, when enacting the statute, intended to bar the use of pseudonyms. The CVA was enacted on February 14, 2019 (see L 2019, ch 11, § 3). Well before that date, however, New York State courts permitted parties to proceed using a title and caption containing a fictitious name in certain circumstances (see e.g. Anonymous v Anonymous, 158 AD2d 296, 297 [1st Dept 1990]), and the courts of New York continue to permit that practice where the circumstances warrant it (see e.g. Doe v Bloomberg, L.P., — NY3d &mdash, &mdash, 2021 NY Slip Op 00898, *7 n 9 [2021]). In addition, although not binding on this Court, the federal courts also permit a party to proceed using a pseudonym if special circumstances warrant anonymity (see e.g. Roe v Wade, 410 US 113, 120 n 4 [1973]; Roe v Aware Woman Ctr. for Choice, Inc., 253 F3d 678, 685-687 [11th Cir 2001], cert denied 534 US 1129 [2002]; Does I thru XXIII v Advanced Textile Corp., [*2]214 F3d 1058, 1067-1069 [9th Cir 2000]). The CVA does not include any language that would change the state of the law with respect to the use of pseudonyms. Thus, any change in the existing law could arise only by implication. "[I]t is a general rule of statutory construction[, however,] that a clear and specific legislative intent is required to override the common law" (Hechter v New York Life Ins. Co., 46 NY2d 34, 39 [1978]; see Assured Guar. [UK] Ltd. v J.P. Morgan Inv. Mgt. Inc., 18 NY3d 341, 351 [2011]; see also Fumarelli v Marsam Dev., 92 NY2d 298, 306 [1998]). No such clarity exists in the CVA. It is long settled that this Court will not infer "that it was the intention of the [l]egislature to make a radical change in the policy of the state" from the legislature's failure to include a provision in a statute (Matter of Lampson, 33 App Div 49, 59 [4th Dept 1898], affd 161 NY 511 [1900]).
In addition, several trial courts have addressed the legislature's intent in enacting the CVA with respect to the use of pseudonyms and concluded that the legislature
"left it up to each alleged victim to determine whether to seek anonymity. The legislature also necessarily left it to the courts to assess each individual case. Litigants seeking to proceed under a pseudonym are not new to the courts. The case law that has developed in non-Child Victims Act cases applies equally to Child Victims Act cases" (Doe v MacFarland, 66 Misc 3d 604, 614 [Sup Ct, Rockland County 2019]; see also HCVAWCR-Doe v Roman Catholic Archdiocese of N.Y., 68 Misc 3d 1215[A], 2020 NY Slip Op 50966[U], *2 [Sup Ct, Westchester County 2020]).
Based on the case law that preexisted the enactment of the CVA and the lack of any indication that the legislature intended to change that law by enacting the CVA, we agree with the reasoning of those trial courts and we conclude that no such intent existed. Consequently, we conclude that the legislature did not intend in enacting the CVA to eliminate the use of pseudonyms in cases commenced pursuant to that statute.
Nevertheless, permission to use a pseudonym will not be granted automatically. The First Department has "remind[ed] the bench and bar that, even where the parties seek to stipulate to such relief, the trial court should not pro forma approve an anonymous caption, but should exercise its discretion to limit the public nature of judicial proceedings 'sparingly' and 'then, only when unusual circumstances necessitate it' " (Anonymous v Anonymous, 27 AD3d 356, 361 [1st Dept 2006]; see Applehead Pictures LLC v Perelman, 80 AD3d 181, 192 [1st Dept 2010]; see also Koziol v Koziol, 60 AD3d 1433, 1434 [4th Dept 2009], appeal dismissed 13 NY3d 764 [2009]). In determining whether to grant a plaintiff's request to proceed anonymously, the court must " 'use its discretion in balancing plaintiff's privacy interest against the presumption in favor of open trials and against any potential prejudice to defendant' " (Anonymous v Lerner, 124 AD3d 487, 487 [1st Dept 2015]). " '[C]laims of public humiliation and embarrassment . . . are not sufficient grounds for allowing a plaintiff . . . to proceed anonymously' " (id. at 488).
Thus, when confronted with a request to proceed using a pseudonym, a motion court must balance the interests of the parties, the public, and justice. Although no single factor is more important than another, the factors used in federal courts provide appropriate guidelines by which to review the propriety of such a motion. One federal court, in reviewing a request to proceed using a pseudonym, stated that
"[a]mong the factors courts have considered in balancing these competing interests are: 1) whether the plaintiff is challenging governmental activity or an individual's actions, 2) whether the plaintiff's action requires disclosure of information of the utmost intimacy, 3) whether identification would put the plaintiff at risk of suffering physical or mental injury, 4) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously, and 5) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system. . . . Related to the third factor is the concern 'whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties . . .'
As to the first and fifth factors, whether the defendants are governmental entities is significant because a challenge to governmental policy ordinarily implicates a public interest and the government has less of a concern with protecting its reputation than a private individual" (Doe No. 2 v Kolko, 242 FRD 193, 195 [ED NY 2006]).
In addition, the federal courts have stated that "fictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses" (Doe v Blue Cross & Blue Shield United of Wis., 112 F3d 869, 872 [7th Cir 1997]). Thus, a court has discretion to permit the use of a pseudonym where the complaint "allege[s] a matter implicating a privacy right so substantial as to outweigh the customary and constitutionally embedded presumption of openness in judicial proceedings" ("J. Doe No. 1" v CBS Broadcasting Inc., 24 AD3d 215, 215 [1st Dept 2005]; see Doe v Doe, 189 AD3d 406, 407 [1st Dept 2020]).
Here, we conclude that the court properly granted plaintiff's motion. We note that the sole document that plaintiff initially submitted in support of her motion was plainly insufficient to justify granting permission to use a pseudonym. Plaintiff submitted only an affidavit of her counsel, which was based on information and belief rather than personal knowledge. In seeking permission to proceed using a pseudonym, the movant must submit evidence to support the relief requested, and "the most basic prerequisite [is] an affidavit of a person with knowledge of the facts" (HCVAWCR-Doe, 2020 NY Slip Op 50966[U], *4). Similarly, the expert affidavit that plaintiff later submitted in support of the motion suffers from the same defect, i.e., it was not based on an interview with plaintiff nor based on any knowledge of her situation or the facts of this case (see generally Romano v Stanley, 90 NY2d 444, 451-452 [1997]), and thus provides no support for plaintiff's position.
Nevertheless, in reply, plaintiff submitted an affidavit based on her personal knowledge in support of the motion. Contrary to defendants' contention, the court properly considered that affidavit inasmuch as all defendants "had an opportunity to respond and submit papers in surreply" (Payne v R-D Maintenance Unlimited, Inc., 77 AD3d 1298, 1299 [4th Dept 2010]; see Matter of Dusch v Erie County Med. Ctr., 184 AD3d 1168, 1169-1170 [4th Dept 2020]). In that affidavit, plaintiff alleged that she was employed by the county in which these allegations arose, that her job may be in jeopardy as a result of the allegations, and that she experienced "emotional distress, suicidal thoughts, depression, anxiety, feelings of worthlessness, and many other psychological damages, painful feelings, emotions, nightmares, flashbacks, as well as physical manifestations of these problems" that would recur if her name was publicized.
Applying the factors and the balancing test set forth above, we conclude that the court did not abuse its discretion in granting the motion. Although it would have been preferable to have plaintiff's allegations supported by expert medical testimony or opinion, the information that plaintiff provided supports the court's determination. In addition, the record establishes that plaintiff has disclosed her name to defendants, thereby minimizing any prejudice arising from her use of a pseudonym for the purposes of discovery and investigation, and defendants have not asserted any other prejudice that they will sustain therefrom. An additional factor supporting the court's determination is that plaintiff did not seek, nor did the court order, that the records in the case be sealed or that public access be denied. Thus, the public's interest in open court proceedings is preserved (cf. Doe v Roman Catholic Archdiocese of N.Y., 64 Misc 3d 1220[A], 2019 NY Slip Op 51216 [U], *5 [Sup Ct, Westchester County 2019]). Although the School and defendant Amherst Central School District are governmental entities, which supports plaintiff's position, defendant John Koch, also known as Jack Koch (Koch) is an individual, which favors defendants' position. Thus, there is no clear advantage to either side with respect to that factor. Because other significant factors support the court's determination, we conclude that there was no abuse of its discretion.
Defendants' remaining contentions lack merit. Koch's contention that he is prejudiced because plaintiff is using a pseudonym while he is sued under his true name is misplaced inasmuch as he will sustain the same prejudice regardless of which name plaintiff uses. His contentions concerning the prejudice to him that arises from being sued under his true name is not relevant to this motion, which concerns only plaintiff's use of a pseudonym (cf. Doe, 189 [*3]AD3d at 406-407). Finally, defendants' contentions concerning the difficulties they may encounter in discovery are based on mere speculation. Accordingly, we conclude that the order should be affirmed.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court