Roe v Harborfields Cent. Sch. Dist. (2023 NY Slip Op 00341)

Roe v Harborfields Cent. Sch. Dist.

2023 NY Slip Op 00341

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2021-08561
2023-00350
 (Index No. 615590/21)

[*1]Jane FC Roe, respondent, 
v
Harborfields Central School District, et al., appellants, et al., defendants.

Mulholland Minion Davey McNiff & Beyrer, Williston Park, NY (Brian R. Davey and Dina M. Awad of counsel), for appellants.
Motley Rice, LLC, New York, NY (Daniel R. Lapinski of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence and negligent supervision, the defendants Harborfields Central School District, Board of Education of Harborfields Central School District, and Oldfield Middle School appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated October 5, 2021. The order, insofar as appealed from, granted the plaintiff's motion to prosecute this action under the pseudonym Jane FC Roe, to amend the caption accordingly, and to direct that all papers filed in the action and any other document related to the action refer to the plaintiff by that pseudonym, and denied the letter application of those defendants for permission to file a surreply. The appeal brings up for review so much of an order of the same court dated February 8, 2022, as, upon reargument, in effect, adhered to the determination in the order dated October 5, 2021, granting the plaintiff's motion to prosecute this action under the pseudonym Jane FC Roe, to amend the caption accordingly, and to direct that all papers filed in the action and any other document related to the action refer to the plaintiff by that pseudonym (see CPLR 5517[b]).
ORDERED that the appeal from so much of the order dated October 5, 2021, as denied the letter application of the defendants Harborfields Central School District, Board of Education of Harborfields Central School District, and Oldfield Middle School for permission to file a surreply is dismissed, as no appeal lies as of right from an order which does not determine a motion made on notice (see CPLR 5701[a][2]), and we decline to grant leave to appeal (see id. § 5701[c]; Weissman v Weissman, 103 AD3d 886); and it is further,
ORDERED that the appeal from so much of the order dated October 5, 2021, as granted the plaintiff's motion to prosecute this action under the pseudonym Jane FC Roe, to amend the caption accordingly, and to direct that all papers filed in the action and any other document related to the action refer to the plaintiff by that pseudonym, is dismissed, as that portion of the order was superseded by the order dated February 8, 2022, made upon reargument; and it is further,
ORDERED that the order dated February 8, 2022, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g), alleging that in the late-1990s, while a minor, the plaintiff was sexually abused by the defendant Eugene Senzer. At the time the abuse allegedly occurred, Senzer was a music teacher at the defendant Oldfield Middle School, which was operated by the defendants Harborfields Central School District and Board of Education of Harborfields Central School District (hereinafter collectively the defendants), and the plaintiff was a student at the school. Simultaneously with filing this action in which the plaintiff revealed their identity in the caption, the plaintiff filed a motion seeking, inter alia, permission to prosecute this action using a pseudonym. The defendants opposed the motion.
By order dated October 5, 2021, the Supreme Court, inter alia, granted the plaintiff's motion. The court stated, among other things, that the plaintiff's motion was "granted as required by Civil Rights Law § 50-b and all references to the Plaintiff in this action shall either identify her/him/them as 'Jane FC Roe' or 'Plaintiff,'" and also ordered the sealing of previously filed court documents that identified the plaintiff by name. Thereafter, the defendants moved for leave to reargue their opposition to the plaintiff's motion. By order dated February 8, 2022, the court granted the defendants leave to reargue, and upon reargument, in effect, adhered to its original determination. The court also clarified the prior order, stating that "the permission granted to Plaintiff to proceed in this action under a pseudonym is to only require papers filed in court to bear the pseudonym, it did not authorize the Plaintiff to prosecute the case without disclosing his/her/their identity to the Defendants" (emphasis in original). The defendants appeal. We affirm the determination granting the plaintiff's motion, albeit on a different ground than that relied upon by the Supreme Court.
"In determining whether to grant a plaintiff's request to proceed anonymously, the court must 'use its discretion in balancing plaintiff's privacy interest against the presumption in favor of open trials and against any potential prejudice to defendant'" (PB-7 Doe v Amherst Cent. Sch. Dist., 196 AD3d 9, 12, quoting Anonymous v Lerner, 124 AD3d 487, 487 [internal quotation marks omitted]; see Twersky v Yeshiva Univ., 201 AD3d 559). Among the factors the court should consider are "'1) whether the plaintiff is challenging governmental activity or an individual's actions, 2) whether the plaintiff's action requires disclosure of information of the utmost intimacy, 3) whether identification would put the plaintiff [or innocent third-parties] at risk of suffering physical or mental injury, 4) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously, and 5) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system'" (PB-7 Doe v Amherst Cent. Sch. Dist., 196 AD3d at 13, quoting Doe No. 2 v Kolko, 242 FRD 193, 195 [ED NY]; see Doe v MacFarland, 66 Misc 3d 604 [Sup Ct, Rockland County]).
Applying these factors here, we conclude that the Supreme Court providently exercised its discretion in granting the plaintiff's motion, inter alia, to prosecute this action under a pseudonym. In support of the motion, the plaintiff submitted an affidavit averring, among other things, that the allegations in the complaint were truthful, including that due to the sexual abuse the plaintiff "continues to suffer great pain of mind and body, shock, emotional distress, physical injuries, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life." The plaintiff also averred that if required to publicly disclose their name it would cause further "emotional stress, embarrassment, and loss of self-esteem" and the plaintiff may not pursue the action (see Doe v Yeshiva Univ., 195 AD3d 565, 566). Although the plaintiff has already divulged their identity to the defendants, the defendants contend that they would be prejudiced if unable to use the plaintiff's name during their investigation of the plaintiff's claims. This contention lacks merit, as the orders do not preclude the defendants from disclosing the plaintiff's name during investigations and the court clarified that the use of a pseudonym is limited to papers filed with the court. The defendants identify no other prejudice nor have they explained why the public must know the plaintiff's identity (see Doe v Yeshiva Univ., 195 AD3d at 566).
The defendants' remaining contentions either are without merit or need not be reached [*2]in light of our determination.
CONNOLLY, J.P., WOOTEN, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court