N.S. v Frankenhoff (2023 NY Slip Op 02181)

N.S. v Frankenhoff

2023 NY Slip Op 02181

Decided on April 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 27, 2023

Before: Webber, J.P., Moulton, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 950045/21 Appeal No. 141 Case No. 2022-03957 

[*1]N.S., Plaintiff-Respondent,
v
William P. Frankenhoff, Defendant-Respondent.

Clayman Rosenberg Kirshner & Linder LLP, New York (Paul S. Hugel of counsel), for appellant.
Levy Konigsberg, LLP, New York (Madeleine Skaller of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered August 23, 2022, which, to the extent appealed from, granted plaintiff's motion to proceed anonymously and to enjoin defendant and his agents from disclosing plaintiff's identity to anyone other than defendant's attorneys, insurers, and expert witnesses, unanimously modified, on the law and the facts, to vacate so much of the order as enjoined defendant and his agents from disclosing plaintiff's identity to anyone other than defendant's attorneys, insurers, and expert witnesses, and remand to the motion court for further proceeding on the permissible scope of discovery, and otherwise affirmed, without costs.
The motion court providently exercised its discretion in finding that the presumption in favor of open trials and against any potential prejudice to defendant was outweighed by plaintiff's privacy interest (see Anonymous v Lerner, 124 AD3d 487, 487 [1st Dept 2015]), in particular plaintiff's specific concern, as detailed in an affidavit, that her teenaged child would be traumatized if he or his peers were to discover information about the alleged rape online (see Twersky v Yeshiva Univ., 201 AD3d 559, 560 [1st Dept 2022] [a plaintiff "must provide facts specific to the plaintiff that will allow the motion court to exercise its discretion in an informed manner"]; Doe v MacFarland, 66 Misc 3d 604, 631-632 [Sup Ct, Rockland County 2019]).
We agree with the motion court that defendant, who is aware of plaintiff's identity, is not substantially prejudiced by plaintiff's use of a pseudonym in publicly filed court documents (see Doe v Amherst Cent. Sch. Dist., 196 AD3d 9, 14 [4th Dept 2021]). However, defendant is prejudiced by the motion court's broad injunction against him. While a defendant may be restrained from publishing a plaintiff's name who has been granted anonymity (see Doe v New York Univ., 6 Misc 3d 866, 877-878 [Sup Ct, NY County 2004]), here, defendant is prohibited from even privately disclosing plaintiff's name for the purposes of discovery and investigation. Accordingly, in the absence of any compelling reasons why defendant should be so restrained, we vacate so much of the order enjoining him from disclosing plaintiff's identity to anyone other than his attorneys, insurers, and expert witnesses and remand for further proceedings on the permissible scope of discovery.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2023