Doe v Khandker (2023 NY Slip Op 05712)

Doe v Khandker

2023 NY Slip Op 05712

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2021-09536
 (Index No. 400284/21)

[*1]Alana Doe, et al., respondents, 
v
Ferdous Khandker, et al., appellants. Lila Ayers, Mount Vernon, NY, for appellants.

Crumilller, P.C., Brooklyn, NY (Susan K. Crumiller and Julia Elmaleh-Sachs of counsel), for respondents.

DECISION & ORDER
In a putative class action, inter alia, to recover damages for assault and battery, negligence, and negligent supervision, the defendants appeal from an order of the Supreme Court, Queens County (Deborah A. Kaplan, J.), entered December 9, 2021. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was to prosecute the action using pseudonyms.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this putative class action alleging that they were sexually abused by the defendant Ferdous Khandker. At the time the abuse allegedly occurred, Khandker was a partner of, and provided medical services in affiliation with, the defendants Western Care Medical Services, P.C., and Jackson Medical, PLLC, and the plaintiffs were his patients. Simultaneously with filing the complaint in this action, the plaintiffs moved, inter alia, to prosecute this action using pseudonyms. The defendants opposed the motion.
By order entered December 9, 2021, the Supreme Court, inter alia, granted that branch of the plaintiffs' motion which was to prosecute the action using pseudonyms. In the order, however, the court directed the plaintiffs to provide the defendants with their actual names, together with other identifying information. The defendants appeal.
"In determining whether to grant a plaintiff's request to proceed anonymously, the court must use its discretion in balancing plaintiff's privacy interest against the presumption in favor of open trials and against any potential prejudice to defendant" (Roe v Harborfields Cent. Sch. Dist., 212 AD3d 853, 855 [internal quotation marks omitted]; see Twersky v Yeshiva Univ., 201 AD3d 559; PB-7 Doe v Amherst Cent. Sch. Dist., 196 AD3d 9, 12; Anonymous v Lerner, 124 AD3d 487, 487). "Among the factors the court should consider are 1) whether the plaintiff is challenging governmental activity or an individual's actions, 2) whether the plaintiff's action requires disclosure of information of the utmost intimacy, 3) whether identification would put the plaintiff [or innocent third-parties] at risk of suffering physical or mental injury, 4) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously, and 5) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system" (Roe [*2]v Harborfields Cent. Sch. Dist., 212 AD3d at 855 [internal quotation marks omitted]; see PB-7 Doe v Amherst Cent. Sch. Dist., 196 AD3d at 13; Doe v MacFarland, 66 Misc 3d 604 [Sup Ct, Rockland County]; Doe No. 2 v Kolko, 242 FRD 193, 195 [ED NY]).
Applying these factors here, we conclude that the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' motion which was to prosecute this action using pseudonyms. In support of the motion, the plaintiffs submitted affidavits averring, among other things, that they were victims of sexual assaults, some while they were minors, and that being publicly associated with the case would cause them "to relive the graphic details of the assaults." They also averred that they fear that their reputations would be negatively affected and are "concerned and lose sleep over the fact that [they] might be harassed, humiliated, or even ridiculed" if their identities were revealed publicly in connection with this action. The defendants argued, in opposition to the motion, inter alia, that they would be prejudiced in their ability to defend the action if the plaintiffs' identities were not revealed to the defendants. However, the court denied that branch of the plaintiffs' motion which sought to keep their identities hidden from the defendants, and instead, directed the plaintiffs to disclose their identities to the defendants. On appeal, the defendants identify no other prejudice and they have not explained why the public must know the plaintiffs' identities (see Roe v Harborfields Cent. Sch. Dist., 212 AD3d at 856; Doe v Yeshiva Univ., 195 AD3d 565, 566).
The defendants' remaining contention need not be reached in light of our determination.
DUFFY, J.P., IANNACCI, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court