JA-504 Doe v Diocese of Brooklyn (2024 NY Slip Op 50010(U))

[*1]

JA-504 Doe v Diocese of Brooklyn

2024 NY Slip Op 50010(U)

Decided on January 9, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 9, 2024
Supreme Court, Kings County

JA-504 Doe, Plaintiff,

against
Diocese of Brooklyn a/k/a THE ROMAN CATHOLIC DIOCESE OF BROOKLYN, NEW YORK, et al., Defendants.

Index No. 532449/2023

Aaron D. Maslow, J.

The following numbered papers were read on this motion: NYSCEF Document Numbers 1-10.
Upon the foregoing papers, the Court having elected to determine the within motion on submission [FN1]
 pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part I (Motions & Special Proceedings), Subpart C (Appearances), Section 6 (Personal Appearances) ("All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission.)," and due deliberation having been had thereon, the Court determines as follows:
It is hereby ORDERED as follows:
Plaintiff moves via order to show cause for leave to maintain this civil action against Defendants diocese, religious entities, and school, using a pseudonym.
Plaintiff's action stems from physical, emotional, and psychological injuries which allegedly occurred during the time frame of approximately 1974-1981, when Plaintiff was approximately 12-20 years old (see NYSCEF Doc No. 1 ¶ 28). During the time in question, Plaintiff alleges that she suffered sexual assault during activities organized and hosted by Defendants; Plaintiff asserts that the abuse was perpetrated by a cleric employee and agent of Defendants, an individual whom Defendants had the ability to train, supervise, and terminate (see id. ¶ 8). Plaintiff seeks damages for the serious and permanent injuries she allegedly sustained.
It is well established law in New York that survivors of sexual abuse may prosecute their actions anonymously due to the highly sensitive nature of the action's content. In determining whether anonymity is appropriate, courts must engage in a balancing test; weighing "plaintiff's privacy interest against the presumption in favor of open trials and against any potential prejudice to defendant" (Doe v Khandker, 221 AD3d 782, 782 [2d Dept 2023], quoting Roe v Harborfields Cent. Sch. Dist., 212 AD3d 853, 855 [2d Dept 2023]). In order to conduct this balancing test, courts must weigh the following factors, "1) whether the plaintiff is challenging governmental activity or an individual's actions, 2) whether the plaintiff's action requires disclosure of information of the utmost intimacy, 3) whether identification would put the plaintiff [or innocent third-parties] at risk of suffering physical or mental injury, 4) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously, and 5) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system" (Doe v Khandker, 221 AD3d at 782-783; see also PB-7 Doe v Amherst Cent. Sch. Dist., 196 AD3d 9 [4th Dept 2021]; cf. Anonymous v Lerner, 124 AD3d 487 [1st Dept 2015]).
In the case at bar, Plaintiff has alleged that over a period of approximately seven years she sustained prolonged sexual abuse by the cleric, for which Defendants must be held accountable. The action presented here is purely private; the Plaintiff is a private citizen and the Defendants are private affiliates associated with the Roman Catholic Church. Plaintiff has not made public the allegations of the alleged history of assault public due to a fear of emotional and reputational harm attached to the stigma of sexual abuse (see NYSCEF Doc No. 3 ¶ 14). It is well within the public interest to grant the Plaintiff's application to proceed pseudonymously because fear of retribution or humiliation should neither prevent an alleged sexual assault victim from seeking justice nor protect an alleged wrongdoer from facing litigation.
Moreover, in the present action, Defendants will not suffer prejudice as the Plaintiff's name will be made available to them, and Defendants shall have the ability to investigate and litigate the claim as if the Plaintiff's name were public (see NYSCEF Doc No. 3 ¶15). Therefore, Defendants' defense is not impeded by the anonymity of the Plaintiff's name in the court caption or in public documents.
This Court takes cognizance of the fact that the within motion to proceed using a pseudonym is based on the affirmation of counsel and that case law favors the submission by a claimed victim of sexual assault of their own affidavit attesting to facts justifying proceeding anonymously (e.g. Twersky v Yeshiva University, 201 AD3d 559 [1st Dept 2022]; PB-7 Doe v Amherst Cent. Sch. Dist., 196 AD3d 9; cf. Doe v Yeshiva University, 195 AD3d 565 [1st Dept 2021]). No affidavit from Plaintiff herein was submitted. However, it is also noted that no written opposition was filed by Defendants despite proof of service of the relevant papers having been submitted by Plaintiff.
In connection with motions for summary judgment, it has been observed that "[A]s a general matter, a court should not examine the admissibility of evidence submitted in support of a motion for summary judgment unless the nonmoving party has specifically raised that issue in its opposition to the motion (see Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d at 55), for "[w]e are not in the business of blindsiding litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments their adversaries never made" (Misicki v Caradonna, 12 NY3d 511, 519 [2009]). Indeed "in civil cases, 'inadmissible hearsay admitted without objection may be considered and given such probative value as, under the [*2]circumstances, it may possess' " (Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d at 54-55, quoting Jerome Prince, Richardson on Evidence § 8-108 at 505 [Farrell 11th ed 1995]; see Matter of Findlay, 253 NY 1, 11 [1930]; Ford v Snook, 205 App Div 194, 198 [1923], affd 240 NY 624 [1925])." (Bank of NY v Mellon, 171 AD3d 197, 202 [2d Dept 2019].)
This Court applies the same rationale to the within motion to proceed with a pseudonym. In enacting "lookback" statutes enabling victims of sexual assault to pursue claims which otherwise might have been foreclosed by the statute of limitations, the legislature intended to provide them with a means of redress. Due to the nature of the claims being made, which usually involve graphic descriptions, there should be a presumption favoring pseudonymity where a plaintiff requests such. Here, the application was made through Plaintiff's attorney. The Court presumes that the attorney would not have made the motion unless Plaintiff actually feared emotional distress, embarrassment, and ridicule, as counsel alleged (see NYSCEF Doc No. 3 ¶ 14). Under such circumstances this Court is of the view that without Defendants' written opposition to this procedural (and not dispositive) motion, it should not be denied merely on the ground that no affidavit from Plaintiff was submitted.
Plaintiff's motion to use a pseudonym in all public filings in relation to the action is GRANTED.
E N T E R
___________________________

Footnotes

Footnote 1:. The parties were notified by the Court either by email or first-class mail.