Doe v Mesivtha, Inc. (2024 NY Slip Op 00615)

Doe v Mesivtha, Inc.

2024 NY Slip Op 00615

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2023-00965
 (Index No. 520624/21)

[*1]John Doe, respondent-appellant, 
v
Mesivtha, Inc., etc., et al., appellants-respondents, et al., defendants.

Catalano Gallardo & Petropoulous, LLP, Jericho, NY (Ralph A. Catalano of counsel), for appellants-respondents.
The Clancy Law Firm, P.C., New York, NY (Donna H. Clancy and Lieff Cabraser Heimann & Bernstein, LLP [Wendy R. Fleishman], of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants Mesivtha, Inc., Mordechai Respler, and Yeruchom Pitter appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Laurence L. Love, J.), dated January 6, 2023. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action. The order, insofar as cross-appealed from, granted those branches of those defendants' motion which were pursuant to CPLR 3211(a) to dismiss the second and fourth causes of action insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
Facts relevant to this appeal are set forth in our decision and order on related appeals (see Doe v Mesivtha, Inc., ____ AD3d ____ [Appellate Division Docket Nos. 2022-00769, 2022-00770; decided herewith]).
In or around January 2022, the defendants Mesivtha, Inc., Mordechai Respler, and Yeruchom Pitter (hereinafter collectively the school defendants) moved pursuant to CPLR 3211(a)(2) and (7) to dismiss the complaint insofar as asserted against them. The plaintiff opposed the motion. By order dated January 6, 2023, the Supreme Court, inter alia, granted those branches of the school defendants' motion which were to dismiss the second cause of action (breach of fiduciary duty) and the fourth cause of action (negligent infliction of emotional distress) insofar as asserted against them and denied that branch of their motion which was to dismiss the first cause of action (negligence). The court determined, among other things, that the pleading requirements of CPLR 214-g for a claim of sexual offense under the Penal Law had been met. The school defendants appeal, and the plaintiff cross-appeals.
The plaintiff's claims against the school defendants are not precluded by the defense of infancy provided by Penal Law § 30.00 that could be asserted by another defendant (see Schearer v Fitzgerald, 217 AD3d 980, 981-983; Anonymous v Castagnola, 210 AD3d 940, 942-944). Further, [*2]affording the complaint a liberal construction (see Gorbatov v Tsirelman, 155 AD3d 836, 837), the plaintiff pleaded sufficient allegations of a sexual offense as defined in Penal Law article 130 to meet the criteria for the revival of his civil claims pursuant to CPLR 214-g. Therefore, the Supreme Court correctly denied that branch of the school defendants' motion which was to dismiss the first cause of action.
Under the circumstances, the school defendants' contention that the Supreme Court should have directed dismissal of the first cause of action because the plaintiff deprived the school defendants of due process by commencing this action under a pseudonym is without merit (see Roe v Harborfield Cent. Sch. Dist., 212 AD3d 853, 855; PB-7 Doe v Amherst Cent. Sch. Dist., 196 AD3d 9, 11-12).
With respect to the cross-appeal, the Supreme Court did not err when it granted those branches of the school defendants' motion which were to dismiss the second and fourth causes of action insofar as asserted against them as duplicative of the first cause of action.
DUFFY, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court