Doe v Mesivtha, Inc. (2024 NY Slip Op 00614)

Doe v Mesivtha, Inc.

2024 NY Slip Op 00614

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-00769
2022-00770
 (Index No. 520624/21)

[*1]John Doe, respondent, 
v
Mesivtha, Inc., etc., et al., appellants, et al., defendants.

Catalano Gallardo & Petropoulous, LLP, Jericho, NY (Ralph A. Catalano of counsel), for appellants.
The Clancy Law Firm, P.C., New York, NY (Donna H. Clancy and Lieff Cabraser Heimann & Bernstein, LLP [Wendy R. Fleishman], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants Mesivtha, Inc., Mordechai Respler, and Yeruchom Pitter appeal from (1) a decision of the Supreme Court, Kings County (Deborah A. Kaplan, J.), dated December 23, 2021, and (2) an order of the same court, also dated December 23, 2021. The order, insofar as appealed from, upon the decision, granted the plaintiff's motion to proceed anonymously and denied that branch of those defendants' cross-motion which was to dismiss the complaint insofar as asserted against them.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff, under the pseudonym John Doe, commenced this action pursuant to the Child Victims Act (see CPLR 214-g), alleging, inter alia, that, while he was a student at Torah High School of Long Beach (hereinafter the school), he was sexually assaulted by another student. According to the complaint, at all relevant times, the defendant Mordechai Respler was the principal of the school and the defendant Yeruchom Pitter was the dean of student living. The plaintiff moved to proceed anonymously. Respler, Pitter, and the corporation that operated the school (hereinafter collectively the school defendants) opposed the motion and cross-moved, among other things, to dismiss the complaint insofar as asserted against them in the event that the plaintiff refused to litigate under his legal name. By order dated December 23, 2021, the Supreme Court granted the plaintiff's motion and denied the school defendants' cross-motion. The court also directed the plaintiff to provide the defendants with his actual name, together with other identifying information. The school defendants appeal from so much of the order as granted the plaintiff's motion to proceed anonymously and denied that branch of their cross-motion which was to dismiss the complaint insofar as asserted against them.
"In determining whether to grant a plaintiff's request to proceed anonymously, the court must use its discretion in balancing [the] plaintiff's privacy interest against the presumption in favor of open trials and against any potential prejudice to [the] defendant" (Roe v Harborfields Cent. Sch. Dist., 212 AD3d 853, 855 [internal quotation marks omitted]; see PB-7 Doe v Amherst Cent. Sch. Dist., 196 AD3d 9, 12). "Among the factors the court should consider are 1) whether the plaintiff is challenging governmental activity or an individual's actions, 2) whether the plaintiff's action requires disclosure of information of the utmost intimacy, 3) whether identification would put the plaintiff or innocent third-parties at risk of suffering physical or mental injury, 4) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously, and 5) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system" (Roe v Harborfields Cent. Sch. Dist., 212 AD3d at 855 [internal quotation marks omitted]).
Here, the Supreme Court providently exercised its discretion in granting the plaintiff's motion to proceed anonymously. In support of the motion, the plaintiff established, among other things, that there is a reasonable likelihood that he will suffer adverse consequences to his employment, education, and marital prospects if his identity is publicly revealed. In opposition, the school defendants' claim of prejudice was conclusory and speculative (see id. at 856; PB-7 Doe v Amherst Cent. Sch. Dist., 196 AD3d at 15).
The school defendants' contention that the Supreme Court improperly considered the plaintiff's unnotarized affidavit in support of his motion is improperly raised for the first time on appeal (see e.g. Estate of Stengel v Good Samaritan Hosp., 214 AD3d 954, 955; KTG Hospitality, LLC v Cobra Kitchen Ventilation, Inc., 201 AD3d 710, 712-713).
The school defendants' remaining contention is without merit.
DUFFY, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court