Jane Doe v KIPP N.Y., Inc. (2025 NY Slip Op 02718)

Jane Doe v KIPP N.Y., Inc.

2025 NY Slip Op 02718

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Moulton, González, Pitt-Burke, Higgitt, JJ. 

Index No. 155586/23|Appeal No. 4300|Case No. 2024-03623|

[*1]Jane Doe, Plaintiff-Appellant,
v
KIPP New York, Inc., et al., Defendants-Respondents.

Bergstein & Ullrich, New Paltz (Stephen Bergstein of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker, New York (Judy C. Selmeci of counsel), for respondent.

Order, Supreme Court, New York County (Lisa S. Headley, J.), entered May 7, 2024, which denied plaintiff's motion for leave to proceed under the pseudonym "Jane Doe," unanimously reversed, on the law and in the exercise of discretion, without costs and the motion granted.
Although the better course would have been for plaintiff to submit all supporting evidence with her initial moving papers, we exercise our discretion to consider plaintiff's affidavit even though it was submitted for the first time on reply.
As to the merits, Supreme Court improvidently exercised its discretion in denying plaintiff's request to proceed in this litigation under the pseudonym "Jane Doe" (see Anonymous v Lerner, 124 AD3d 487, 487 [1st Dept 2015]; Doe v Khandker, 221 AD3d 782, 782-783 [2d Dept 2023]). This action concerns information of a highly sensitive, intimate, and personal nature — namely, a video depicting plaintiff masturbating. Plaintiff's affidavit establishes the serious psychological harm that disclosure of her role in this video caused her and would continue to cause her, as well as the potential impact on her career in education (see Doe v Bloomberg L.P., 200 AD3d 410, 410 [1st Dept 2021]; Roe v Harborfields Cent. Sch. Dist., 212 AD3d 853, 855 [2d Dept 2023]; PB-7 Doe v Amherst Cent. Sch. Dist., 196 AD3d 9, 14 [4th Dept 2021]). That plaintiff was able to obtain a new job in education after her termination by defendants is of no moment, as she may still need to apply for other jobs in future and it is not clear whether her current employer is aware of the circumstances of her termination.
Defendants do not identify any source of prejudice to them from allowing plaintiff to proceed by pseudonym, as they know who she is and therefore are not impeded in mounting a defense (see N.S. v Frankenhoff, 215 AD3d 592, 593 [1st Dept 2023]; Bloomberg, 200 AD3d at 410; Harborfields, 212 AD3d at 855-56). The public interest in disclosure of plaintiff's identity is also minimal. Even if the charter school defendants were deemed public entities for these purposes (see Education Law § 2854[3][a], [c]; New York Charter School Assn. v Smith, 15 NY3d 403, 409-410 [2010]), that fact would not be dispositive, especially because plaintiff is not requesting that court records be sealed or public access denied (see e.g. Harborfields, 212 AD3d at 855-856; Amherst, 196 AD3d at 14-15; see also Yeshiva Univ., 195 AD3d at 566). Furthermore, the termination decision at issue here is not claimed to be the result of any government policy.
Plaintiff's privacy interest outweighs the reputational interest of the individual defendants' anonymity (see Lerner, 124 AD3d at 487; Amherst, 196 AD3d at 13-15).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025