P.F. v M.B. (2026 NY Slip Op 50397(U))

[*1]

P.F. v M.B.

2026 NY Slip Op 50397(U)

Decided on March 25, 2026

Supreme Court, Queens County

Dunn, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 25, 2026
Supreme Court, Queens County

P.F., Plaintiff,

againstM.B. and CARMELA CALCETAS, Defendants.

Index No. 705519/2023

For the DefendantM.B., Pro SeFor the PlaintiffVeridian Legal P.C.23 West 73rd Street, Suite 102New York, New York 10023By: Daniel S. Szalkiewicz, Esq.

Scott Dunn, J.

The e-filed papers listed by NYSCEF Doc. Nos. 80, 83, 84, 96-98 were read on the motion of the Defendant M.B. ("Defendant M.B."), for an Order, in the main, allowing Defendant M.B. to proceed in this matter going forward using his initial M.B.
I. Background
As relevant to this motion, the Court provides the following background. For a period of approximately one year, Plaintiff and Defendant M.B. allegedly were engaged in a serious romantic relationship while Defendant M.B. was married to Defendant Carmela Calcetas ("Defendant Calcetas"). Plaintiff also alleges that Defendants, in concert or one at the direction of the other, and without Plaintiff's consent, disseminated intimate photographs and videos of Plaintiff to Plaintiff's mother, business associates, and to a third party who had previously agreed to purchase Plaintiff's business. Defendants allegedly also used social media and emails to [*2]message and threaten Plaintiff, all of which allegedly caused damage to Plaintiff.
Based upon these allegations, and others, in March 2023, Plaintiff commenced this action against the Defendants asserting six causes of action, alleging: (i) violation of New York City Administrative Code § 10-180; (ii) violation of New York State Civil Rights Law § 52-b; (iii) intentional infliction of emotional distress; (iv) intentional interference with prospective business relations; (v) tortious interference with contract/perspective economic advantage; and (vi) aiding and abetting the foregoing. 
At the time of the commencement of this action, Plaintiff moved for an order seeking leave to proceed in this action using a pseudonym instead of with her true identity. By Order filed August 21, 2023, the Court (Hom, J.), granted Plaintiff's motion (Doc. No. 40).
On June 23, 2023, Plaintiff filed an amended complaint. On July 27, 2023, Defendant M.B. moved to dismiss the amended complaint pursuant to CPLR 3211(a)(7). By Order filed September 27, 2024, the Court (Hom, J.), granted in part, and denied in part, Defendant M.B.'s motion to dismiss (Doc. No. 51). In sum, Defendant M.B.'s motion to dismiss was granted solely to the extent that the first cause of action, alleging violation of New York City Administrative Code § 10-180, was dismissed. Accordingly, causes of action two through six remain. 
On April 3, 2025, Defendant M.B. filed an answer to the amended complaint, affirmative defenses, and counterclaims (Doc. No. 72). Defendant M.B. asserted three counterclaims: (i) unlawful disclosure of intimate images under New York City Administrative Code § 10-180; (ii) unlawful dissemination or publication of intimate images under New York State Civil Rights Law § 52-b; and (iii) battery through poisoning/non-consensual drugging.
On July 25, 2025, Defendant M.B. filed a motion, in the main, seeking default judgment against Plaintiff on his counterclaims (Motion Seq. No. 7). Four days later on July 29, 2025, Plaintiff filed an answer to Defendant M.B.'s counterclaims (Doc. No. 82). On September 25, 2025, Plaintiff filed opposition to Defendant M.B.'s motion for a default judgment and cross-moved pursuant to CPLR 3012(d) to compel Defendant M.B. to accept Plaintiff's answer to the counterclaims and for dismissal of the counterclaims pursuant to CPLR § 3211(a)(7). An Order of this Court for Motion Seq. No. 7, dated March 25, 2026, has been issued concurrently with this Order for Motion Seq. No. 8. 
II. Discussion
By prior Order of the Court (Hom, J.). filed August 21, 2023, the Court granted Plaintiff's motion to proceed under a pseudonym (Doc. No. 40). In so doing, the Court considered and applied the five-factors set forth in Roe v Harborfields Cent. School Dist. (212 AD3d 853 [2d Dept 2023]). The Court now considers and applies the same factors to balance Defendant M.B. privacy interest against the presumption in favor of open trials and against any potential prejudice to Plaintiff [FN1]
(see Roe v Harborfields Cent. School Dist., 212 AD3d at 855 [2d Dept 2023] ["In determining whether to grant a plaintiff's request to proceed anonymously, the court must use its discretion in balancing plaintiff's privacy interest against the presumption in favor of open trials and against any potential prejudice to defendant"] [internal quotation marks and citations omitted]).
In determining whether to grant a party's request to proceed anonymously, the court [*3]should consider "1) whether the plaintiff is challenging governmental activity or an individual's actions, 2) whether the plaintiff's action requires disclosure of information of the utmost intimacy, 3) whether identification would put the plaintiff [or innocent third-parties] at risk of suffering physical or mental injury, 4) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously, and 5) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system" (Roe v Harborfields Cent. School Dist., 212 AD3d at 855 [2d Dept 2023] [internal quotation marks and citations omitted]; see also Doe v Eliyas, 241 AD3d 1271, 1274 [2d Dept 2025]; Doe v Mesivtha, Inc., 224 AD3d 661 [2d Dept 2024]; Doe v Khandker, 221 AD3d 782, 782-83 [2d Dept 2023] [Second Department applying the five factors with respect to movant's motion to proceed in the action using a pseudonym]).
Consistent with the Court's prior determination on Plaintiff's motion to proceed with a pseudonym (Doc. No. 40), the first and fifth factors weigh in favor of allowing Defendant M.B. to proceed in this action using a pseudonym. "As to the first and fifth factors, whether the defendants are governmental entities is significant because a challenge to governmental policy ordinarily implicates a public interest and the government has less of a concern with protecting its reputation than a private individual" (Doe v Amherst Cent. School Dist., 196 AD3d 9, 13 [4th Dept 2021], quoting Doe No. 2 v Kolko, 242 FRD 193, 195 [ED NY, 2006]). Defendant M.B.'s counterclaims sounding in dissemination of "revenge porn" to the public relates to private individuals not governmental activity. Thus, the Court finds that the public interest in guaranteeing open access to proceedings will not be negatively affected by allowing Defendant M.B. to proceed in this action using a using a pseudonym.
Again, consistent with Court's prior determination, the second factor also weighs in favor of Defendant M.B.'s position (Doc. No. 40) because the content of the allegations here involving Defendant M.B. "is of the utmost intimacy" and "revenge porn." (Doc. No. 40, p. 2).
The third factor—whether identification would put Defendant M.B. at risk of suffering physical or mental injury—is more difficult to apply but upon proper consideration also weighs in favor of Defendant M.B. While it is true that Defendant M.B. has participated in this public action for more than two years before seeking a pseudonym, such fact does not preclude a finding that Defendant M.B. would suffer additional or exacerbated physical and mental injuries if required to continue litigating this action without a pseudonym. Indeed, Defendant M.B. avers in his affidavit that he seeks Court intervention to "prevent further trauma" (Doc. No. 80 ¶ 3) and that "Plaintiff's actions have caused [him] to suffer nightmares, loss of sleep, and required [him] to undergo therapy" (id. ¶ 15). Defendant M.B. further avers that continued use of his name will reasonably increase the likelihood that others will become aware of these matters, worsen his humiliation, and cause him to be revictimized (id. ¶¶ 20-23, 29, 32). Given that Defendant M.B. in reply (Doc. No. 97) clarifies that he does not seek retroactive relief but merely seeks that going forward he be allowed to use a pseudonym (and have the Clerk change the docket information to reflect him as "M.B."), the Court finds this factor also tilts towards granting the limited relief requested.
With respect to the fourth factor, Plaintiff fails to identify any prejudice to her that would result from allowing Defendant M.B. to proceed in this action using a pseudonym. The parties know each other's identities, and indeed, Plaintiff herself sought, and obtained, similar relief.
III. Conclusion
Based on the foregoing, it is hereby:
ORDERED, that Defendant M.B.'s motion is granted to the extent that:
(1) Defendant M.B. is permitted to proceed in this action under the pseudonym M.B. and shall be referred to as such in all future filings and proceedings in this action; and(ii) The caption of this action is amended to read as follows:SUPREME COURT OF THE STATE OF NEW YORKCOUNTY OF QUEENSP.F.,Plaintiff,               Index No.: 705519/2023
against
M.B. and CARMELA CALCETAS,Defendants.
and it is further,ORDERED, that the Clerk of the Court is directed to modify/change the docket to reflect the updated caption of the action; and it is further
ORDERED, that all other relief not specifically granted herein has been considered and is hereby denied; and it is further
ORDERED, that Defendant M.B. shall serve, via regular mail, a copy of this Order with Notice of Entry upon all parties, and the Clerk of the Court, within (20) days from the date of entry.
This constitutes the Decision and Order of the Court.
Dated: March 25, 2026Long Island City, New YorkSCOTT DUNN, J.S.C.

Footnotes

Footnote 1:Defendant Calcetas has not submitted opposition to this motion.