Doe v Yeshiva Univ. (2021 NY Slip Op 04101)





Doe v Yeshiva Univ.


2021 NY Slip Op 04101


Decided on June 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 29, 2021

Before: Manzanet-Daniels, J.P., Kern, Mazzarelli, Shulman, JJ. 


Index No. 950012/20 Appeal No. 14143N Case No. 2020-02622 

[*1]John Doe, Plaintiff-Respondent,
v
Yeshiva University et al., Defendants-Appellants, Pat Doe 1-30 etc., et al., Defendants.


Seyfarth Shaw LLP, New York (Karen Y. Bitar of counsel), for appellants.
Meirowitz & Wasserberg, LLP, New York (Kush Shukla of counsel), for respondent.



Order, Supreme Court, New York County (George J. Silver, J.), entered May 6, 2020, which granted plaintiff's motion to proceed under the pseudonym "John Doe," unanimously affirmed, without costs.
Following a comprehensive balancing of plaintiff's privacy interests against the presumption in favor of public disclosure and any prejudice to defendant, the court providently exercised its discretion in granting plaintiff's motion to proceed anonymously (see Anonymous v Lerner, 124 AD3d 487 [1st Dept 2015]). The court credited plaintiff's assertions that he feared not only embarrassment and economic harm from the public disclosure of his identity but also social stigmatization, professional repercussions, and social isolation from his peers and colleagues in the legal profession — fears that the court's decision shows were elaborated upon by plaintiff's counsel during oral argument and that defendants have offered no reason to question. Defendants argue that disclosure will have no chilling effect since plaintiff has already commenced suit, but this argument fails to account for the real possibility that plaintiff would be dissuaded from pursuing the action further and for the inhibiting effect it could have on other potential plaintiffs (see e.g. John Doe No. 4 v Rockefeller Univ., 2019 NY Slip Op 33725[U], *2 [Sup Ct, NY County Nov. 22, 2019]).
The court observed that plaintiff's proceeding anonymously would better serve the public's right to know than, for instance, having the records sealed. Defendants have not explained why the public must know plaintiff's identity in addition to all other aspects of the case. Nor have defendants shown that they will suffer any prejudice, as plaintiff has agreed to divulge his identity to them and to the court (cf. Doe v Roman Catholic Archdiocese of N.Y., 64 Misc 3d 1220[A], 2019 NY Slip Op 51216[U], *5 [Sup Ct, Westchester County, July 31, 2019] [petition to proceed anonymously even vis-À-vis court and respondents denied on the ground of prejudice to respondents]).
We reject defendants' contention that plaintiff's motion should be denied because it was supported solely by an attorney affirmation. In GCVAWCG-Doe v Roman Catholic Archdiocese of N.Y. (69 Misc 3d 648, 650 [Sup Ct, Westchester County 2020]), on which defendants rely, the court referred to "scores of pseudonym applications, many with no affidavit of the plaintiff" or an affidavit "without facts specific to the plaintiff." There is no lack of facts specific to plaintiff in this case. Nor was there anything "pro
forma" about the court's grant of his motion.
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2021