Twersky v Yeshiva Univ. (2022 NY Slip Op 00366)





Twersky v Yeshiva Univ.


2022 NY Slip Op 00366


Decided on January 20, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 20, 2022

Before: Kapnick, J.P., Singh, Moulton, Shulman, Higgitt, JJ. 


Index No. 950111/19 Appeal No. 15110 Case No. 2020-03614 

[*1]Mordechai Twersky et al., Plaintiffs-Respondents,
v
Yeshiva University et al., Defendants-Appellants, Pat Doe 1-30, etc., et al., Defendants.


Seyfarth Shaw LLP, New York (Karen Bitar of counsel), for appellants.



Order, Supreme Court, New York County (George J. Silver, J.), entered on or about July 6, 2020, which granted plaintiffs' motion to proceed in anonymity in this action and to file a complaint under pseudonyms, rather than plaintiffs' legal names, unanimously reversed, on the law, without costs, and the motion denied without prejudice to a new motion or motions supported by proper papers.
Several New York courts "have addressed the legislature's intent in enacting the CVA [Child Victims Act] with respect to the use of pseudonyms and concluded that the legislature 'left it up to each alleged victim to determine whether to seek anonymity' . . . [and] 'left it to the courts to assess each individual case'" (PB-7 Doe v Amherst Cent. Sch. Dist., 196 AD3d 9, 11-12 [4th Dept 2021], quoting Doe v MacFarland, 66 Misc 3d 604, 614 [Sup Ct, Rockland County 2019]). This Court has held that permission to use a pseudonym will not be granted automatically and has noted that the motion court "should exercise its discretion to limit the public nature of judicial proceedings sparingly and then, only when unusual circumstances necessitate it" (Anonymous v Anonymous, 27 AD3d 356, 361 [1st Dept 2006] [internal quotation marks omitted]; see Applehead Pictures LLC v Perelman, 80 AD3d 181, 192 [1st Dept 2010]). In determining whether to grant a plaintiff's request to proceed anonymously, the motion court must "'use its discretion in balancing plaintiff's privacy interest against the presumption in favor of open trials and against any potential prejudice to defendant'" (Anonymous v Lerner, 124 AD3d 487, 487 [1st Dept 2015]; see also PB-7 Doe, 196 AD3d at 12-13). A plaintiff seeking permission to proceed anonymously by employing a pseudonym must provide facts specific to the plaintiff that will allow the motion court to exercise its discretion in an informed manner (see Doe v Yeshiva Univ., 195 AD3d 565 [1st Dept 2021]).
Here, plaintiffs' motion to allow 33 unnamed plaintiffs to proceed anonymously should have been denied because plaintiffs failed to submit sufficient evidence to support the relief requested. Plaintiffs only submitted a short attorney affirmation, which merely repeated the relief requested in the order to show cause and made a single vague statement that plaintiffs might suffer further mental harm should their identities be revealed. Plaintiffs failed to provide any specific evidence as to why each unnamed plaintiff should be entitled to proceed anonymously (see Doe v Yeshiva Univ., 195 AD3d 565).
In light of the foregoing, we need not reach defendants' remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 20, 2022