| |
|---|
| **Jane Doe v Combs** |
| 2025 NY Slip Op 32907(U) |
| August 18, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152559/2025 |
| Judge: Leslie A. Stroth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    HON. LESLIE A. STROTH                    PART                    12M

*Justice*

----------------------------------------------------------------------X

JANE DOE,

                                  Plaintiff,

                      - v -

SEAN COMBS, BAD BOY ENTERTAINMENT HOLDINGS,
INC.,BAD BOY ENTERTAINMENT LLC,BAD BOY
PRODUCTIONS HOLDINGS, INC.,DADDY'S HOUSE
RECORDINGS, INC, CE OPCO, LLC

                                Defendant.

----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152559/2025 |
| MOTION DATE | N/A, N/A |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 6, 7, 9, 15, 18
were read on this motion to/for             AMEND CAPTION/PLEADINGS     .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 5
were read on this motion to/for             AMEND CAPTION/PLEADINGS     .

      Plaintiff commenced the underlying proceeding herein pursuant to the Victims of Gender-Motivated Violence Protection Law ("GMVA"). (New York Administrative Code, Chapter 11 §§ 10-1101 – 10-1107, 2022). The GMVA revives previously time-barred claims for "crime[s] of violence motivated by gender." (Id.).

      Plaintiff alleges that they were sexually assaulted by Defendant Combs and that such violent acts were motivated by gender, and that, as such, Defendants are liable under the GMVA. (NY St Cts Elec Filing [NYSCEF] Doc No. 1, ¶¶ 19-49). Plaintiff also asserts causes of action for Negligence, Intentional Infliction of Emotional Distress, and Battery. (Id. ¶¶ 50-80). In Motion Sequence 001, Plaintiff moves, by Order to Show Cause, for permission from this court to proceed anonymously during the pendency of this action. In Motion Sequence 002, Plaintiff submits a Notice of Motion for the same relief.

152559/2025  DOE, JANE vs. COMBS, SEAN ET AL
Motion No.  001 002

Page 1 of 5

[* 1]

Plaintiff argues that allowing Plaintiff to proceed under a pseudonym would protect them from the shame associated with the alleged sexual assault at issue in this litigation that may result upon disclosure of their identity in the instant matter. Plaintiff, like many other similarly situated plaintiffs, is concerned that disclosure of their identity poses a significant risk of physical and mental harm. (NYSCEF Doc No. 3 ¶ 3).

In general, "[t]he determination of whether to allow a plaintiff to proceed anonymously requires the court to use its discretion in balancing Plaintiff's privacy interest against the presumption in favor of open trials and against any prejudice to defendant." (*Anonymous v. Lerner*, 124 AD3d 487, 487 [1st Dept 2015] [internal quotation marks and citations omitted]; *see Doe v. Yeshiva Univ.*, 195 AD3d 565, 565 [1st Dept 2021]; *see also Doe v MacFarland*, 66 Misc 3d 604 [Sup Ct 2019]; *Doe v. Szul Jewelry, Inc.*, 2008 NY Slip Op 31382 [U] [Sup Ct, NY County 2008]; *J. Doe No. 1 v. CBS Broadcasting, Inc.*, 24 AD3d 215 [1st Dept 2005]). Among the recognized values of open access to civil proceedings is that "the bright light cast upon the judicial process by public observation diminishes the possibilities for injustice, incompetence, perjury, and fraud" (*Danco Labs. v. Chemical Works of Gedeon Richter*, 274 AD2d 1, 7 [1st Dept 2000]). Likewise, the very openness of the process should provide the public "with a more complete understanding of the judicial system and a better perception of its fairness" and serves to "ensure that [the proceedings] are conducted efficiently, honestly and fairly." (*Id.*).

However, the right of the public, and the press, to access judicial proceedings is not absolute or unfettered, and involves judicial discretion (*Doe v. Yeshiva Univ.*, 195 AD3d 565 at 565; *Anonymous v. Lerner*, 124 AD3d 487, 487). Moreover, access may still be respected in keeping with constitutional requirements while sensitive information is restricted in keeping with

152559/2025  DOE, JANE vs. COMBS, SEAN ET AL
Motion No.  001 002

Page 2 of 5

"the State's legitimate concern for the well-being" of an individual (*Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 606 [1982]).

In addition, while "[i]t is elementary that the primary function of a pleading is to apprise an adverse party of the pleader's claim," the same does not necessarily apply to a pleader's name (*Cole v. Mandell Food Stores, Inc.*, 93 NY2d 34, 40 [1999]).

Here, there can be little doubt that Plaintiff's case will involve information of a personal and highly sensitive nature. Plaintiff alleges, *inter alia,* particular incidents in which Plaintiff, at 16 years old, was kidnapped, drugged and assaulted. (NYSCEF Doc No. 1 ¶¶ 19-33). Moreover, Plaintiff alleges through a particularized sequence of events that they are the victim of sexual assault and that as a result they have suffered significant physical, emotional, and psychological injuries (Id., ¶¶ 34-35). The Court finds that Plaintiff has alleged facts specific to their case in the Affirmation in support of the motion. The First Department has held that attorney affirmations are sufficient if the facts therein are specific to the plaintiff, and as the facts herein are specific to the Plaintiff, the Court considers such sufficient to support Plaintiff's motion. (*see Doe v. Yeshiva Univ.,* 195 AD3d 565 at 566, *supra*).

Plaintiff has agreed to provide Defendants with relevant identifying information, including Plaintiff's name, and to adhere to the standard means of discovery. Plaintiff's motion requests that a pseudonym be used in the public filings and that Defendants be enjoined from publishing Plaintiff's true identity. (NYSCEF Doc No. 9 at 2). The Court does not find that Defendants' ability to pursue discovery, locate witnesses or otherwise defend their case is hampered by Plaintiff's name being anonymized in court filings. As such, this Court finds no prejudice to Defendants at this time in granting Plaintiff's Order to Show Cause to proceed anonymously, given that Defendants will be afforded the full tools of discovery.

152559/2025   DOE, JANE vs. COMBS, SEAN ET AL
Motion No.  001 002

Page 3 of 5

An express purpose of the GMVA is to revive previously time-barred claims for crimes of violence motivated by gender. (New York Administrative Code, Chapter 11 § 10-1105, 2022). Revealing Plaintiff's identity may have a chilling effect on Plaintiff in litigating the instant matter, and on other plaintiffs in pursuing similar litigation. (*see e.g. John Doe No. 4 v. Rockefeller Univ.*, 2019 N.Y. Slip Op. 33725[U], *2, 2019 WL 6354255 [Sup. Ct., N.Y. County Nov. 22, 2019]). Such would directly contradict the express legislative purpose of the GMVA. (New York Administrative Code, Chapter 11 § 10-1102, 2022).

Granting anonymity to Plaintiff is a far less drastic limitation on the public's right to open proceedings than the sealing of records. (*Doe v New York Univ.*, 6 Misc 3d 866, 878 [Sup Ct 2004]). Plaintiff has not moved for sealing of the records. The public interest in seeing this case determined on the merits outweighs the public interest in knowing Plaintiff's identity. (*Doe v Good Samaritan Hosp.*, 66 Misc 3d 444, 449 [Sup Ct 2019]). Anonymity at this stage in the proceeding ensures that Plaintiff will proceed with the action and effectuate that goal.

Moreover, to the extent that Federal Courts have ruled differently, "it is well settled that lower federal court decisions are 'not binding' on New York state courts." (*Teshabaeva v Family Home Care Services of Brooklyn and Queens, Inc.*, 214 AD3d 442, 444 [1st Dept 2023]). New York Courts consistently have held that trial courts are granted discretion in deciding on whether to allow a plaintiff to proceed anonymously, which they routinely exercise in granting anonymity motions in matters where sexual assault is alleged. (*See Twersky v. Yeshiva Univ.*, 201 A.D.3d 559, 560, 157 N.Y.S.3d 379 [1st Dept. 2022]; *Doe v MacFarland*, 66 Misc 3d 604 [Sup Ct 2019]). Here, the Court's discretion has been informed by facts specific to the Plaintiff in support of its finding that anonymity is appropriate.

Accordingly; it is hereby

**152559/2025   DOE, JANE vs. COMBS, SEAN ET AL**
**Motion No.  001 002**

ORDERED that Plaintiff's motion in Motion Sequence 001 to file a complaint and proceed herein under a pseudonym, rather than in Plaintiff's legal name, and to proceed throughout this action under such pseudonym, rather than in Plaintiff's own name, is granted; and it is further

ORDERED that Motion Sequence 002 is denied as moot,

ORDERED that the caption shall be maintained as follows:

-----------------------------------------------------------------------X

JANE DOE

                      Plaintiff,              Index No.: 152559/2025

             -against-

SEANCOMBS, a/k/a "P. DIDDY", BADBOY ENTERTAINMENT
HOLDINGS, INC., BAD BOY ENTERTAINMENT LLC,
BAD BOY PRODUCTIONS HOLDINGS,INC.,
DADDY'S HOUSE RECORDINGS, INC., and CEOPCO, LLC
d/b/a COMBS GLOBAL f/k/a COMBS ENTERPRISES LLC,
                         Defendants.
-----------------------------------------------------------------------X

ORDERED that the movant shall serve a copy of this Order upon the County Clerk within 14 days of this Order.

The foregoing constitutes the decision and order of this court.

| __8/18/2025__ | | | | |
|---|---|---|---|---|
| DATE | | | HON. LESLIE A. STROTH | J.S.C. |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☒ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

152559/2025   DOE, JANE vs. COMBS, SEAN ET AL
Motion No.  001 002

Page 5 of 5